UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JULIENNE MARSHAM,

                                           Plaintiff,    **COMPLAINT AND**
                                                          **JURY DEMAND**
       -against-

THE CITY OF NEW YORK; POLICE OFFICER ANDRE    DOCKET # 15CV2899
CLARK; POLICE OFFICER TAYLOR,
                                         Defendants.

------------------------------------------------------------------ x    ECF CASE

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seek relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an April 20, 2014 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, unlawful stop, unlawful search, false imprisonment, false arrest, deprivation of plaintiff's personal property, and assault.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving

rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Julienne Marsham is a citizen of the United States and at all times here relevant resided in Westchester County, City and State of New York.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Police officers Clarke and Taylor at all times here relevant were employees of the NYPD assigned to the 111th precinct. Each is sued in his individual and official capacities.

9. At all times here mentioned defendant police officers were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

10. April 20, 2014, plaintiff was working as he normally did for Time Warner as a customer repair person. He had Time Warner identification with him.

11. At about 3:30 PM, he arrived at 192-37 Underhill Avenue, Fresh Meadows, NY to respond to a customer repair call. The customer who resided there had lost internet service.

12. Plaintiff was directed to the back yard where the utility pole was and began attempting to repair the service.

13. Plaintiff was threatened by a person in a neighboring backyard with a rake. Plaintiff then came down the pole and went back inside 192-37 Underhill Avenue. The customer was standing outside the house across the street, so he walked towards her with the intention of explaining the situation when two police officers rode up and demanded to see his identification.

14. Plaintiff showed the officers his identification and offered to take them to the backyard to

2

show them what he was doing there. The police officers refused and placed him under arrest. He was taken to the precinct and held for about 90 minutes. He was released with a summons.

15. Plaintiff was not advised of what he was charged with, and the summons lists no offense. Apparently, the defendant police officers detained him for an hour and a half, charging him with no crime or violation and only leaving him a date to return to court to answer for the summons. All charges were dismissed and plaintiff denies that he committed any crime or violation.

16. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendment to the United States Constitution to be free from an unreasonable search of plaintiff's person.

    b. Violation of plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from detention and arrest without probable cause;

    c. emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety; and

    d. Loss of liberty.

3

## FIRST CAUSE OF ACTION
(42 USC § 1983 -- FALSE ARREST AND FALSE IMPRISONMENT)

19. The above paragraphs are here incorporated by reference.

20. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution when they subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

21. There was no reasonable expectation of successfully prosecuting the plaintiff.

22. Plaintiff was aware of their confinement and did not consent.

23. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiff under common law, 42 USC §1983 and the New York State Constitution.

24. Plaintiff was damaged by the false arrest, imprisonment, and deprivation of liberty caused by defendants.

## SECOND CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

25. The above paragraphs are here incorporated by reference.

26. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

27. There was no reasonable expectation of successfully prosecuting plaintiff.

28. Plaintiff was aware of his confinement and did not consent.

29. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42

4

USC §1983 and the New York State Constitution.

30. Plaintiff was damaged by false arrest, imprisonment, and deprivation of liberty caused by defendants.

### THIRD CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

31. The preceding paragraphs are here incorporated by reference.

32. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

33. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

  A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff' causes of action;

  B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

  C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
                May 19, 2015

TO:   New York City
       Corporation Counsel Office
       100 Church Street, 4th floor
       New York, NY  10007

       Police Officer Andre Clark

       Police Officer Taylor

Yours, etc.,

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY  11217
(718) 852-3710
lglickman@stollglickman.com